IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CHERYL RUTKOWSKI,<br>7918 Central Park Circle<br>Alexandria, VA 22309,<br><br>       Plaintiff,<br>v.<br><br>REGENCY MANAGEMENT SERVICES, LLC,<br>7900 Cedarville Road<br>Brandywine, MD 20613,<br><br>       <u>Serve On:</u><br>       Paul J. Schwab, III<br>       101 East Chesapeake Avenue<br>       5th Floor<br>       Baltimore, MD 21286<br><br>       Defendant. | CIVIL ACTION NO.: _____ |

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Cheryl Rutkowski ("Plaintiff" or "Ms. Rutkowski") files this Complaint against Defendant Regency Management Services, LLC ("Defendant" or "Regency") under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, the Maryland Fair Employment Practices Act ("FEPA"), Md. Code, State Gov't § 20-601, *et seq.*, and Maryland common law for damages arising from the unlawful discrimination and hostile work environment in her employment on the basis of Ms. Rutkowski's sex and retaliation following her complaints regarding said discrimination, including her unlawful discharge.

### I.     PARTIES

1. Plaintiff Cheryl Rutkowski is domiciled in the Commonwealth of Virginia and is a citizen of the Commonwealth of Virginia.

2. Defendant Regency Management Services, LLC is a Maryland limited liability company with its principal place of business in Brandywine, Maryland. Regency may be served by serving its registered agent Paul J. Schwab, III, 101 East Chesapeake Avenue, 5th Floor, Baltimore, Maryland 21286. Defendant has 15 or more employees and is engaged in interstate commerce, and thus is an employer within the meaning of Title VII, 42 U.S.C. § 2000e(b) and FEPA, Md. Code, State Gov't § 20-601(d).

## II.   JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), as this matter contains a federal question. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a). This Court also has diversity jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000 and the parties are citizens of different states.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(a)(1) and (b)(2), as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the District of Maryland.

## III.   FACTUAL BACKGROUND

5. Ms. Rutkowski was hired by Defendant in December 2020 as a visual merchandiser at its Ashley HomeStore located in Waldorf, Maryland. Ms. Rutkowski was a good employee during the time she worked at the store.

6. Just a month later, in January 2021, Defendant hired Kenneth Johnson to work at the same Ashley HomeStore in Waldorf.

7. During his very first week of employment, Johnson began a campaign of sexual assault and harassment against Ms. Rutkowski. Initially, while both were working at the store location, Johnson propositioned Ms. Rutkowski for sex.

8. Not content to harass her while at work, later that day, Johnson followed Ms. Rutkowski when she ran errands during a break from work. During that time, Johnson not only followed her, but he again propositioned Ms. Rutkowski for sex, touched her butt, made lewd and sexist comments to her, and sent her a pornographic picture of himself.

9. Ms. Rutkowski was mortified, embarrassed, and scared for her safety after Johnson's sexually aggressive harassment and assault during her break from work.

10. When she returned to work, Johnson again accosted her.

11. Looking for help from Johnson's harassment and assault, Ms. Rutkowski asked the store manager for help and called the police.

12. Although the police showed up and Ms. Rutkowski pressed criminal charges against Johnson, her employer did nothing in response to Johnson's actions or Ms. Rutkowski's pleas for help.

13. Ms. Rutkowski successfully obtained a protective order against Johnson. In doing so, she learned that Johnson had a criminal record for sex offenses. Upon information and belief, Regency knew or should have known about Johnson's criminal history had it conducted a background check on him, as it did when it hired Ms. Rutkowski.

14. While Defendant ultimately fired Johnson, its managers and employees continued the harassment of Ms. Rutkowski by victim shaming her, accusing her of instigating the harassment, and blaming her for the assault. For example, some of Defendant's employees said that Ms. Rutkowski "was too sexy" and that she "probably deserved" Johnson's harassment and assault.

15. Shortly after the harassment and assault, Defendant began efforts to transfer Ms. Rutkowski to another store location, although she did not agree to such a transfer. In fact, while

she was still working at the Waldorf location, Defendant opened a job listing for her position at the Waldorf store.

16. During this time, Ms. Rutkowski's coworkers continued to make derogatory comments to her. Upset and tired of the continued harassment, Ms. Rutkowski complained to Defendant's Human Resources on March 2, 2021.

17. The next day, Defendant terminated Ms. Rutkowski's employment in retaliation for her complaints.

18. As a result of Defendant's actions, Ms. Rutkowski has experienced extreme emotional distress.

19. On April 6, 2021, Ms. Rutkowski filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), which was cross-filed with the Maryland Commission on Civil Rights. On June 7, 2021, the EEOC issued Ms. Rutkowski a Notice of Right to Sue letter.

20. Accordingly, Ms. Rutkowski has exhausted any and all administrative remedies, including filing a charge of discrimination before filing suit.

### IV.   CAUSES OF ACTION

#### COUNT ONE: HARASSMENT ON THE BASIS OF SEX
#### IN VIOLATION OF TITLE VII

21. Plaintiff incorporates each and every allegation set forth above.

22. Title VII prohibits discrimination on the basis of sex with respect to an employee's compensation, terms, conditions, or privileges of employment. 42 U.S.C. § 2000e-2(a). This includes sexual harassment through the creation of a hostile work environment.

23. Defendant created and maintained a sexually hostile work environment by subjecting Ms. Rutkowski to sexual advances, sexualized comments, sexual assault, and

discriminatory intimidation, humiliation, and hostility so severe and pervasive that it affected the conditions of her employment.

24. Johnson made suggestive comments to her, propositioned her for sex, assaulted her by touching her, made lewd and sexist comments, and sent her a pornographic picture of himself.

25. Ms. Rutkowski's coworkers also made sexual and suggestive comments to her, saying that she was "too sexy" and that she "probably deserved" Johnson's sexual harassment and assault.

26. Defendant's actions directly and proximately caused Ms. Rutkowski to suffer economic loss, including but not limited to salary and employee benefits, a loss of future professional opportunities and future income, and have caused humiliation, indignity, personal embarrassment, and pain and suffering.

27. Defendant's actions were taken with actual intent to cause injury to Ms. Rutkowski and these actions were done willfully and maliciously, or with reckless indifference to Ms. Rutkowski's legal rights.

### COUNT TWO:  HARASSMENT ON THE BASIS OF SEX IN VIOLATION OF FEPA

28. Plaintiff incorporates each and every allegation set forth above.

29. FEPA prohibits discrimination on the basis of sex with respect to an employee's compensation, terms, conditions, or privileges of employment.  Md. Code, State Gov't § 20-606(a). This includes sexual harassment through the creation of a hostile work environment.

30. Defendant created and maintained a sexually hostile work environment by subjecting Ms. Rutkowski to sexual advances, sexualized comments, sexual assault, and discriminatory intimidation, humiliation, and hostility so severe and pervasive that it affected the conditions of her employment.

31. Johnson made suggestive comments to her, propositioned her for sex, assaulted her by touching her, made lewd and sexist comments, and sent her a pornographic picture of himself.

32. Ms. Rutkowski's coworkers also made sexual and suggestive comments to her, saying that she was "too sexy" and that she "probably deserved" Johnson's sexual harassment and assault.

33. Defendant's actions directly and proximately caused Ms. Rutkowski to suffer economic loss, including but not limited to salary and employee benefits, a loss of future professional opportunities and future income, and have caused humiliation, indignity, personal embarrassment, and pain and suffering.

34. Defendant's actions were taken with actual intent to cause injury to Ms. Rutkowski and these actions were done willfully and maliciously, or with reckless indifference to Ms. Rutkowski's legal rights.

### COUNT THREE: RETALIATION IN VIOLATION OF TITLE VII

35. Plaintiff incorporates each and every allegation set forth above.

36. Title VII makes it unlawful for an employer to discriminate against any of its employees because an employee has opposed any practice made unlawful by Title VII.

37. Ms. Rutkowski engaged in protected activity under Title VII by opposing treatment that constituted unlawful harassment, including objecting to the sexual comments made by Johnson and other employees and Johnson's sexual advances, sexualized comments, pornographic pictures, and sexual assault. Ms. Rutkowski's protected activity includes, but is not limited to, her requests for help when Johnson assaulted her at work and her complaints about other employees' harassing comments.

38. Defendant took adverse actions against Ms. Rutkowski that were causally connected to her protected activity. Defendant began efforts to transfer Ms. Rutkowski to another location and then terminated her employment in direct response to her objection to her coworkers' continuing comments about her appearance and her complaints about Johnson's harassment of her.

39. Defendant's actions directly and proximately caused Ms. Rutkowski to suffer economic loss, including but not limited to salary and employee benefits, a loss of future professional opportunities and future income, in addition to humiliation, indignity, personal embarrassment, and pain and suffering.

40. Defendant took the actions complained of herein with actual intent to cause injury to Ms. Rutkowski and these actions were done willfully and maliciously, or with reckless indifference to her legal rights.

## COUNT FOUR: RETALIATION
## IN VIOLATION OF FEPA

41. Plaintiff incorporates each and every allegation set forth above.

42. FEPA makes it unlawful for an employer to discriminate against any of its employees because an employee has opposed any practice made unlawful by FEPA.

43. Ms. Rutkowski engaged in protected activity under FEPA by opposing treatment that constituted unlawful harassment, including objecting to the sexual comments made by Johnson and other employees and Johnson's sexual advances, sexualized comments, pornographic pictures, and sexual assault. Ms. Rutkowski's protected activity includes, but is not limited to, her requests for help when Johnson assaulted her at work and her complaints about other employees' harassing comments.

44. Defendant took adverse actions against Ms. Rutkowski that were causally connected to her protected activity. Defendant began efforts to transfer Ms. Rutkowski to another

location and then terminated her employment in direct response to her objection to her coworkers' continuing comments about her appearance and her complaints about Johnson's harassment of her.

45. Defendant's actions directly and proximately caused Ms. Rutkowski to suffer economic loss, including but not limited to salary and employee benefits, a loss of future professional opportunities and future income, in addition to humiliation, indignity, personal embarrassment, and pain and suffering.

46. Defendant took the actions complained of herein with actual intent to cause injury to Ms. Rutkowski and these actions were done willfully and maliciously, or with reckless indifference to her legal rights.

## COUNT FIVE:  NEGLIGENT HIRING AND/OR SUPERVISION

47. Plaintiff incorporates each and every allegation set forth above.

48. Defendant has a duty to use reasonable care in selecting employees competent and fit for the work assigned to them and to refrain from retaining the services of an unfit employee.

49. Upon information and belief, Defendant had a policy or practice of performing background checks on potential employees.  Defendant could have reasonably expected that its employees would come into contact with members of the public and its other employees, including Ms. Rutkowski.

50. Defendant failed to run any background check on Kenneth Johnson or hired Kenneth Johnson notwithstanding any background check.  Defendant knew or should have known that Kenneth Johnson was dangerous and might cause harm to others, including its other employees.

51. Defendant also failed to properly supervise Johnson while he worked at the Waldorf store.

52. Defendant's conduct proximately caused Plaintiff's injuries.

8

53. Plaintiff has been damaged by Defendant's acts.

### COUNT SIX:  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

54. Plaintiff incorporates each and every allegation set forth above.

55. Defendant's negligent hiring and supervision of a known sex offender was intentional or reckless, as well as extreme and outrageous.

56. Defendant's failure to respond to its employee's request for help while she was being sexually harassed and assaulted at its store was also intentional or reckless, as well as extreme and outrageous.

57. Defendant's retaliatory conduct, including its acts of victim shaming, was also intentional or reckless, as well as extreme and outrageous.

58. Defendant's negligent hiring and supervision of a known sex offender, its failure to respond to Ms. Rutkowski's request for help while she was being sexually harassed and assaulted at Defendant's store, and/or its retaliatory acts, caused her emotional distress.

59. Ms. Rutkowski's emotional distress as a result of Defendant's conduct is severe.

60. Ms. Rutkowski has been damaged by Defendant's acts.

### V.   JURY DEMAND

61. Plaintiff demands a trial by jury.

### VI.   PRAYER

62. Plaintiff respectfully requests the following relief:

    a. damages for back pay, front pay, lost benefits, and medical expenses in an amount to be proved at trial;

    b. damages for loss of enjoyment of life, pain and suffering, mental anguish, emotional distress, and humiliation;

    c. prejudgment interest in an amount to be proved at trial;

    d. compensation for any tax penalty associated with a recovery;

  e.  reasonable attorney's fees and costs; and

  e.  whatever further and additional relief the court shall deem just and equitable.

        Respectfully submitted,

        **HKM EMPLOYMENT ATTORNEYS LLP**

    By: *s/ Tiffany Joseph Goodson*
      Tiffany Joseph Goodson
      Federal Bar No. 21616
      1325 G Street NW, Suite 558
      Washington, DC 20005
      Phone: (202) 919-5952
      Fax: (202) 919-5952
      E-mail: tjosephgoodson@hkm.com

    *Counsel for Plaintiff*